

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00186-CV

CACTUS WELL SERVICE, INC.                    APPELLANT AND APPELLEE

V.

ENERGICO PRODUCTION, INC.                    APPELLEE AND APPELLANT

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CV07-2700

----------

## SUPPLEMENTAL MEMORANDUM OPINION[1] ON REHEARING

----------

On November 20, 2014, we reversed the trial court's judgment, rendered a take-nothing judgment on appellee Energico Production, Inc.'s claims, and rendered a judgment in favor of appellant Cactus Well Service, Inc. on its breach-of-contract counterclaim. Energico has filed a motion for rehearing. We deny the motion but issue this supplemental opinion to address Energico's argument that

---

[1]*See* Tex. R. App. P. 47.4.

we erred to render a take-nothing judgment because Energico obtained favorable jury findings on other theories of recovery.[2]  *See* Tex. R. App. P. 49.3.  We do not withdraw our prior opinion and judgment.  *See, e.g.*, *Anderton v. Cawley*, 378 S.W.3d 38, 64 (Tex. App.—Dallas 2012, no pet.) (supp. op. on reh'g).

We will not restate the applicable facts other than to emphasize that Energico submitted three theories of recovery to the jury—negligence, negligent misrepresentation, and breach of contract—and elected to recover under its negligent-misrepresentation claim.  Energico now argues that the reversal of Energico's recovery for negligent misrepresentation should result in rendition of judgment in favor of Energico on its breach-of-contract or negligence claim as found by the jury.  This is an argument Energico may raise for the first time on rehearing.  *See, e.g.*, *Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 650 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).  Indeed, Cactus does not argue that Energico may not raise this argument for the first time on rehearing.

The jury found that Cactus was negligent and breached its contract with Energico as well as finding that Cactus made negligent misrepresentations to Energico.  In the damages questions regarding Energico's breach-of-contract and negligence claims, the jury found that the "reasonable cash market value of

---

[2]We do not address Energico's argument that we erred by concluding that the independent-injury rule barred Energico's negligent-misrepresentation claim. Our November 20, 2014 memorandum opinion sufficiently addressed this issue.

the Well immediately before the incident" was "$0.00."  The jury also found that the "cost of drilling a replacement Well to the point of the incident, less salvage value of the Well" was $1,080,000.  The applicable measure of damages for the destruction of an oil well that can be reproduced is the lower of (1) the reasonable cash market value of the well immediately before the incident or (2) the cost of reproducing the well with a new well equipped like the old well, less any salvage value of the old well.  *See Basic Energy Serv., Inc. v. D-S-B Props., Inc.*, 367 S.W.3d 254, 262 (Tex. App.—Tyler 2011, no pet.) (op. on reh'g); *see also Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 57 Tex. Sup. Ct. J. 1465, 2014 WL 4252273, at *3–4 (Aug. 29, 2014) (stating measure of damages in tort or contract for permanently damaged property where restoration is not possible is the difference in value immediately before injury and its value immediately after, i.e., "the loss in fair market value of the property as a whole"); *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 512 (Tex. 1993) (holding plaintiff could recover cost of expenditure to save well and cost of new well when well could not be saved but recognizing damages could not exceed fair market value of well prior to damage).  *See generally* 55A Tex. Jur. 3d *Oil and Gas* § 602 (2011) (explaining where "well is destroyed by a drilling contractor's lack of care," recoverable damages are "the difference between its market value immediately before its destruction and the market value of the salvage remaining after deducting the expense of salvaging, provided this expense does not exceed the value of the salvage")  Because the jury found that

3

the value of the well immediately before the incident was zero—a finding Energico did not attack in the trial court and does not attack on appeal with any specificity other than to argue that the "better policy" would be to "disregard" the finding—it could not recover damages under its claims for breach of contract or negligence. Additionally, for the reasons Energico's negligent-misrepresentation recovery was barred by the independent-injury rule, its negligence recovery was likewise barred.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.[3]

DELIVERED:  January 22, 2015

---

[3]Justice McCoy was a member of the original panel but has retired in the interim. The two remaining justices ruled on this motion. *See* Tex. R. App. P. 49.3(b).